# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J. PISKANIN**, | : | CIVIL ACTION NO. 1:10-CV-1957 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA.**, et al., | : | |
| **Defendants** | : | |

## MEMORANDUM

Michael J. Piskanin, an inmate incarcerated at the State Correctional Institution at Cresson, filed this action on September 20, 2010 (Doc. 1), naming as defendants the Commonwealth of Pennsylvania and its Unified Judicial System, the Legislature of Pennsylvania, and Tom Corbett, Attorney General of Pennsylvania. He seeks to proceed in forma pauperis. (Docs. 2., 7)  Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(iii).

## I. Allegations of the Complaint

Plaintiff alleges that he is detained illegally, but that this lawsuit is not a challenge to his convictions and sentences. (Doc. 1, ¶¶ 1-2.)  He contends that "The Commonwealth of Pennsylvania and it's [sic] legislature and Unified Judicial System, by allowance, have been corrupted by a group of individuals and-or other force seeking to abort the constitutional form of government established long ago by the framers of the Pennsylvania Constitution and United States Constitution."

(Id. at ¶ 3.)  It is alleged that due to the corruption of the Pennsylvania Legislature and the Supreme Court of Pennsylvania his access to the criminal courts has been obstructed.  (Id. at ¶ 5.)  Further, he has been prohibited from filing criminal charges against "retaliators," such as the judges and prosecutors, due to the Rules of the Pennsylvania Supreme Court which require approval of private prosecutions in advance by the District Attorney.  (Id. at ¶ 13.)  "Attorney General Tom Corbett, esq. is in bed with the retaliators, dependent upon their corrupt influence and republican party influence and money for his current campaign (on anti-corruption ticket!) to be elected Governor of Pennsylvania."  (Id.)  He also alleges that he was denied the opportunity to present his case to the Grand Jury.  (Id. at ¶ 14.)

## II. Standard of Review

A complaint filed in forma pauperis may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A complaint is clearly baseless or frivolous, as a matter of law, if the defendant is immune from suit.  See Neitzke v. Williams, 490 U.S. 319, 327 (1989); 28 U.S.C. § 1915(e)(2)(B)(iii).

## III. Discussion

Each of the named defendants is immune from suit.  First, with respect to the Commonwealth of Pennsylvania, civil actions against either Pennsylvania itself or the Pennsylvania state courts, are barred from federal court by the immunity from

2

suit afforded by the Eleventh Amendment to the United States Constitution.[1] See Carroway v. New Jersey, 202 Fed. App'x 564, 565 (3d Cir. 2006); Benn v. 1st Jud. Dist. of Pa., 426 F.3d 233, 240-41 (3d Cir. 2005); Callahan v. City of Phila., 207 F.3d 668, 673-74 (3d Cir. 2000). The Eleventh Amendment has long been interpreted to prohibit a suit brought by a citizen against his own state. See, e.g. Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000) ("[F]or over a century now, we have made clear that the Constitution does not provide for federal jurisdiction over suits against non-consenting States.") (citing e.g., College Sav. Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 669 (1999); Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996)); Hans v. Louisiana, 134 U.S. 1, 13 (1890) ("It is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.").

As concerns the Legislature of Pennsylvania, it has expressly declined to waive its sovereign immunity by statute. See Lavia v. Pennsylvania Dept. of Corrs., 224 F.3d 190, 195 (3d Cir. 2000); see also 42 PA. CONS. STAT. ANN. § 8521(b). The Eleventh Amendment prohibits a lawsuit against defendants sued in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury. Melo v. Hafer, 912 F.2d 628, 635 (3d

---

[1] The Eleventh Amendment of the United States Constitution provides that '[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

3

Cir.1990). Therefore, plaintiff's claim against the legislature is also subject to dismissal.

Plaintiff fares no better in attempting to impose liability on the Pennsylvania State Attorney General. Pennsylvania officials and employees acting within the scope of their duties are immune from suit for state law violations except as specifically waived by the General Assembly. See 1 Pa.C.S. § 2310. Section 2310 provides, in pertinent part, as follows: "Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa.C.S. § 2310. Immunity has only been waived in nine narrow areas, 42 Pa.C.S. § 8522(b)[2], none of which are pertinent here.

## IV. Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely

---

[2] Section 8522 waives immunity in the following instances: 1) Vehicle liability; 2) Medical-professional liability; 3) Care, custody or control of personal property; 4) Commonwealth real estate, highways and sidewalks; 5) Potholes and other dangerous conditions; 6) Care, custody or control of animals; 7) Liquor store sales; 8) National Guard activities; 9) Toxoids and vaccines.

4

deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The United States Supreme Court, however, has stated that leave to amend under Rule 15 may be denied in cases of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. See Foman, 371 U.S. at 182; see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust"); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)(citing Massarsky v. General Motors 706 F2d 111, 125 (3d Cir. 1983)). Because plaintiff is unable to cure the deficiencies through amendment, affording plaintiff another opportunity to amend the complaint would be futile.

**V.     Conclusion**

Based on the foregoing, plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).  An appropriate order follows.


     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:     October 27, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J. PISKANIN**, | : | **CIVIL ACTION NO. 1:10-CV-1957** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA., et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 27th day of October, 2010, upon consideration of plaintiff's complaint (Doc. 1), it is hereby ORDERED that:

1. Plaintiff's motions to proceed without full prepayment of the filing fee (Docs. 2, 7) are granted, and the complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(iii).

2. Plaintiff's motion for declaratory judgment (Doc. 6) is DENIED.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                                    S/ Christopher C. Conner
                                                    CHRISTOPHER C. CONNER
                                                    United States District Judge